UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TAM TRAN,<br><br>      Plaintiff,<br><br> v.<br><br>UNITED STATES OF AMERICA CONGRESS LAWMAKERS,<br><br>      Defendants. | Case No. C23-5282 BHS<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR MAY 19, 2023 |

  The District Court has referred Plaintiff Tam Tran's pending *Application to Proceed In Forma Pauperis* ("IFP") and proposed complaint to the undersigned. On April 4, 2023, Tran filed a proposed civil complaint and an application to proceed in forma pauperis ("IFP"), that is, without paying the filing fee for a civil case. See Dkts. 1; 1-2. In determining whether IFP should be granted in this case, the Court has reviewed the proposed complaint and finds Tran has failed to state a claim upon which relief can be granted. The Court also finds leave to amend is not warranted. Therefore, the Court recommends this case be dismissed with prejudice and the Application to Proceed IFP (Dkt. 1) be denied.

DISCUSSION

  The Court has carefully reviewed the proposed complaint in this matter. Because Tran filed this complaint pro se, the Court has construed the pleadings liberally and has afforded Tran the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Dep't*,

REPORT AND RECOMMENDATION - 1

839 F.2d 621, 623 (9th Cir.1988). In his proposed complaint, Tran names "United States Congress Lawmakers" as the sole defendant. He alleges that Congress has defrauded him and the "American people" in violation of the Second Amendment. *Id.* at 5.

The district court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the *sua sponte* dismissal of any case that is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an IFP complaint that fails to state a claim). An IFP complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

Furthermore, a federal court may dismiss a case *sua sponte* pursuant to Fed. R. Civ. P. 12 (b)(6) when it is clear that the plaintiff has not stated a claim upon which relief maybe granted. *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir.1987) ("A trial court may dismiss a claim sua sponte under Fed. R. Civ. P. 12 (b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief."); *see also Mallard v. United States Dist. Court*, 490 U.S. 296, 307-08 (1989) (noting there

is little doubt a federal court would have the power to dismiss a frivolous complaint *sua sponte*, even in absence of an express statutory provision).

Tran's claims against Congress must be dismissed. First, the Court does not have jurisdiction to entertain this claim. The complaint fails to allege that Congress has waived sovereign immunity. *F.D.I.C. v. Meyer,* 510 U.S. 471, 475 (1994). Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Meyer*, 510 U.S. at 475, 114 S.Ct. 996. "Sovereign immunity is jurisdictional in nature," *id*., which means that if the Congress has not waived sovereign immunity, this court does not have jurisdiction over the claim against it. Further, even if sovereign immunity were not an issue, Plaintiff's complaint should still be dismissed. Plaintiff fails to allege any facts in his complaint. It appears from the attachment to Plaintiff's complaint that he is challenging his DUI arrest and the fact that he was not provided a Vietnamese translator at the time.

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

This case has no arguable basis in law or fact. Plaintiff fails to state the alleged wrongdoing of any individual defendant, and his statements are too conclusory to sufficiently show his rights, specifically his Second Amendment rights, were violated. Therefore, the proposed complaint should be dismissed as frivolous and for failure to state a claim.

A. Leave to Amend

Unless it is absolutely clear that no amendment can cure the defect, a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action. *See Lucas v. Dep't of Corr*., 66 F.3d 245, 248 (9th Cir. 1995). In this case, any attempt by Tran to amend the proposed complaint would be futile. As such, the Court finds Tran should not be afforded leave to amend his proposed complaint.

B. IFP on Appeal

In the event that Tran appeals any order entered in this case and/or appeals dismissal of this case, IFP status should be denied by this Court, without prejudice to Tran to file with the Ninth Circuit U.S. Court of Appeals an application to proceed IFP.

CONCLUSION

For the above stated reasons, the undersigned recommends Tran's Application to Proceed IFP (Dkt. 1) be denied, this case be dismissed with prejudice as frivolous and for failure to state a claim, and any IFP status on appeal be denied without prejudice to Tran to file with the Ninth Circuit U.S. Court of Appeals an application to proceed IFP.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge, see 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on May 19, 2023, as noted in the caption.

Dated this 28th day of April, 2023.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge